CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TOBY JOSEPH MASE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06CV00627 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HENRY COUNTY JAIL, et al., | ) | By: Hon. Glen E. Conrad |
|     Defendants. | ) | United States District Judge |

Plaintiff Toby Joseph Mase, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983 against the Henry County Jail, Sheriff Frank Cassell, Lieutenant Nelson, and Sergeant Taylor. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[*]

## Background

The plaintiff is presently incarcerated at the jail in Henry County. He alleges that the jail is overcrowded, and that there are not enough beds, showers, toilets, sinks, sheets, or towels. The plaintiff also alleges that his living conditions are unhealthy and unsanitary. Specifically, the plaintiff alleges that mildew or mold is growing in the showers as a result of poor ventilation, and that "people" are "getting rashes."

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, a prisoner is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient

---

[*] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. The court does not doubt that the living conditions described by the plaintiff are uncomfortable and unpleasant. However, such conditions do not present the type of "extreme" deprivation that rises to the level of a constitutional violation. See Oliver v. Powell, 250 F. Supp.2d 593, 604 (E.D. Va. 2002) (holding that a prisoner had failed to state a claim under the Eighth Amendment, where he alleged that his cell contained roaches, a leaky toilet, peeling paint, and writing on the wall); Scible v. Rubenstein, 2006 U.S. Dist. LEXIS 22581 (S.D. W.Va. April 24, 2006) (holding that an inmate's allegations of overcrowding, outdated and broken bathroom facilities, and unsanitary practices in the barber shop did not rise to the level of an Eighth Amendment violation). Moreover, the plaintiff does not allege that he has suffered any deleterious effects from the challenged conditions. Even assuming that the plaintiff is one of the "people" who has allegedly suffered from a rash, such minor skin conditions do not rise to the level of a "serious or significant" physical injury. Strickler, 989 F.2d at 1381.

2

For the reasons stated, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. Thus, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 27th day of October, 2006.

*/s/ Jack Conrad*
United States District Judge